IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 14-cv-02559-CMA-MJW

LES VANDENBERG, and
CHRISTINE VANDENBERG,

      Plaintiffs,

v.

FEDERAL HOME LOAN MORTGAGE CORPORATION,
BAC HOME LOAN SERVICING LP, a subsidiary of Bank of America, and
BANK OF AMERICA,

      Defendants.

---

ORDER DENYING PLAINTIFFS' PETITION
FOR TEMPORARY RESTRAINING ORDER

---

      Plaintiffs Les Vandenberg and Christine Vandenberg petition this Court for a temporary restraining order to stop their eviction under Forcible Entry and Detainer ("FED") proceedings. A final hearing on the FED is scheduled for September 22, 2014. (Doc. # 2 at 2.)

      This Court's review of Plaintiffs' motion is governed by Federal Rule of Civil Procedure P. 65(b), which states:

> **(b) Temporary Restraining Order.**
>
>     **(1)** *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
>         **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage

>will result to the movant before the adverse party can be
>heard in opposition; and
>
>**(B)** the movant's attorney certifies in writing any efforts made
>to give notice and the reasons why it should not be required.

In essence, a TRO "is designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction and may be issued with or without notice to the adverse party." Charles Alan Wright, et al., 11A Fed. Prac. & Proc. Civ. § 2951 (3d ed. Apr. 2014 update). Moreover, while "[t]he issuance of a temporary restraining order is a matter that lies within the discretion of the district court," a party must demonstrate "irreparable injury" as "an essential prerequisite to a temporary restraining order." *Id*. And most courts hold that a party "must demonstrate at least a reasonable probability of prevailing on the merits" in order to obtain such relief. *Id*.

Finally, while a motion for a temporary restraining order is distinct from a motion for a preliminary injunction, some courts in this District adhere to the familiar four-part test for granting a preliminary injunction when considering whether to grant a temporary restraining order. *See, e.g.*, *Salba Corp., N.A. v. X Factor Holdings, LLC*, No. 12-CV-01306-REB-KLM, 2014 WL 128147 (D. Colo. Jan. 14, 2014). That standard requires a plaintiff to demonstrate likelihood of success and irreparable harm but also "that the balance of equities tips in [Plaintiff's] favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).[1]

---

[1] While Courts in this District have considered these latter two factors, they are discretionary. *See, e.g.*, Charles Alan Wright, et al., 11A Fed. Prac. & Proc. Civ. § 2951 (3d ed. Apr. 2014 update) ("The court also **may** balance the harm that might be suffered by defendant if the order were issued against the injury that would result to plaintiff if the application for the restraining

Plaintiff's Request for Preliminary Injunction, Temporary Restraining Order and Complaint is convoluted and unclear.  As best this Court can tell, the Plaintiffs allege that the FED proceeding should be enjoined by this Court because the foreclosure proceeding in state court pursuant to Colo. R. Civ. P. 120 violated their due process rights and that Defendant Bank of America ("BOA") "submitted fraudulent and forged mortgage documents to [the] judge in the Rule 120 hearing in La Plata County District Court." (Doc. # 2 at 5.)  However, these are matters that should have been raised in the Rule 120 proceedings, not brought to this court on the eve of their eviction.  Plaintiffs have failed to meet their burden to establish that this Court should issue a temporary restraining order.

Plaintiffs fail to address whether this Court may exercise jurisdiction over this action or abstain pursuant to the abstention doctrines set forth in *Younger v. Harris*, 401 U.S. 37 (1971) and *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976).  Indeed, Plaintiffs' pleading makes clear that not only is there a state court proceeding at issue, there is also an ongoing bankruptcy proceeding in the U.S. Bankruptcy Court in the Western District of Washington.  If Plaintiffs believe the automatic stay of bankruptcy is being violated, then they should take that issue to

---

order were denied.  This balancing of the hardships approach is fairly common, particularly when one of the parties is a governmental unit. More generally, it also **may** be appropriate for the court to consider the effect of the requested order on the public interest." (footnotes omitted)).

the bankruptcy court.  Plaintiffs have set forth neither facts nor law demonstrating this Court should interfere in the state court proceeding.[2]

Accordingly, for the foregoing reasons, it is ORDERED that Plaintiff's Motion for a Temporary Restraining Order is DENIED.  It is

FURTHER ORDERED that if Plaintiffs choose to proceed with their request for a preliminary injunction, they must submit briefing specifically addressing whether this Court may exercise jurisdiction despite the *Younger* or *Colorado River* abstention doctrines and ensure that all supporting documents are submitted to the Court.

DATED:  September 19, 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[2] Plaintiffs claim that the Rule 120 proceedings were successful based on forgeries of mortgage documents, allegations they claim to substantiate through an expert report by a certified forensic document examiner.  Yet, they fail to attach said report to their pleadings.